UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL BOOKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:24-cv-00815 |
| | ) | |
| TOPGOLF USA NASHVILLE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This is a race and gender discrimination case. (Doc. No. 1 at 4). Reading the Complaint as true and in the light most favorable to the plaintiff, In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1990), the following story unfolds, which is dispositive of the pending Motion to Dismiss (Doc. No. 15).

Michael Booker was the Shift-Lead Bay Host and Event Ambassador for Topgolf USA Nashville, LLC ("Topgolf"). Taylor Duncan is a Bay Host for Topgolf. Both Booker and Duncan are Caucasian. Booker is male. Duncan is female. Both work for Topgolf as does their co-worker Ke'Asia Newsome, who is African-American and female.

During work hours Duncan posted on Topgolf's chat space a picture of a car "parked near the front of the facility that was taking up several parking spots." (Doc. No. 1 at 2). Duncan asked if anyone knew the owner of the improperly parked car. Booker knew the car belonged to Newsome, so he told her about the post and suggested that she address her improperly parked car. Newsome did not appreciate the complaint about her car. She responded by "yelling at, bullying and threatening Duncan." (Doc. No. 1 at 3). Booker intervened and explained to Newsome that

1

he was only trying to lookout for Newsome's best interest. (Id.). Surprisingly, Newsome then turned her anger on Booker and "engaged in a profanity laced tirade at Booker and threatened him that she would have her brother come take care of you (Booker)!" (Id.)

After Booker reported Newsome's attack on himself and Duncan to three Topgolf managers, Topgolf investigated Booker. Then, Topgolf suspended Booker without pay and eventually terminated him for "unprofessional conduct." (Id. at 4). Topgolf also terminated Newsome. Apparently Topgolf did nothing to Duncan.

Topgolf moves to dismiss Booker's complaint alleging there is no plausible case of race or gender discrimination. (Doc. No. 15). Topgolf says it treated Booker and Newsome the same by terminating both so there is no race or gender discrimination for their unprofessional conduct. The proper comparison Booker says in opposing the motion is between Booker and Duncan. The Court agrees because the similarly situated analysis has long required a comparison between employees who "have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." Ercegovich v Goodyear Tire and Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998).

Here, the Complaint alleges race and gender discrimination against Booker:

- Booker and Duncan were verbally attacked by Newsome.
- Booker and Duncan were threatened by Newsome.
- Booker acted to protect Duncan from Newsome's assault.
- Booker reported Newsome's behavior to Topgolf managers.
- Booker was investigated.
- Duncan was not investigated.

- Booker was suspended from work.

- Duncan was not suspended from work.

- Booker was terminated.

- Duncan was not terminated.

Booker's allegations of either race or sex discrimination are plausible when compared to Duncan. Topgolf's assertion that Booker was "unprofessional" is unsupported in the complaint. Booker's allegations are more than sufficient to require that Topgolf's motion to dismiss be **DENIED.**

No later than **February 11, 2025,** the parties shall agree upon a mediator and a date for mediation and file notice on the docket of both.

The motion hearing set on February 11, 2025 is CANCELLED.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE